UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZYNGA GAME NETWORK INC., a        )
Delaware Corporation,             )
                                  )   No. 09-3264 SC
          Plaintiff,              )
                                  )   ORDER GRANTING
     v.                           )   PLAINTIFF'S MOTION
                                  )   FOR DEFAULT JUDGMENT
NADIR ERKAN, an individual, and   )
YUSUF DINCER, an individual,      )
                                  )
          Defendants.             )
                                  )
_____ )

I.    **INTRODUCTION**

     Before the Court is the Motion for Default Judgment
("Motion") submitted by Plaintiff Zynga Game Network Inc.
("Plaintiff" or "Zynga").  Docket No. 44.  Defendants Nadir Erkan
and Yusuf Dincer ("Defendants") did not answer or otherwise
respond to Plaintiff's First Amended Complaint ("FAC") and the
Clerk entered default on April 23, 2010.  Docket No. 42.  For the
reasons stated herein, the Court GRANTS Plaintiff's Motion.

II.   **BACKGROUND**

     1.   **Procedural Background**

     Zynga filed its original complaint in this action on July 16,
2009, and its FAC on February 10, 2010.  Docket Nos. 1, 29.  On

March 4, 2010, the Court authorized Zynga to serve Defendants with process by email. Docket No. 33. On March 22, 2010, Zynga served Defendants with process in both English and Turkish. Docket No. 39. Defendants did not answer or otherwise respond to Plaintiff's FAC and the Clerk entered default on April 23, 2010. Docket No. 42.

**2.  Factual Background**

Zynga, a social gaming company, owns United States Federal Trademark Registration No. 3,685,749 for the mark ZYNGA in International Class 009 for downloadable computer game software for use on wireless devices and computers, and International Class 041 for entertainment services, namely providing on-line computer games. Docket No. 29 ("FAC") ¶¶ 9, 14, Ex. 1. Zynga developed Zynga Poker ("the Game"), a computerized version of poker. Id. ¶ 15.

Defendants created and operate web sites, including BUYFACEBOOKCHIPS.NET, ZEROCHIPS.COM, CHIPSOVER.COM, CHIPSOVER.NET, REALCHIPS.NET, and CHIPSBOX.COM, through which they sell Zynga "chips" for use in the Game. Id. ¶¶ 28-29; Varas Decl. Exs. 3-9.[1] They advertise and sell these "chips" using the ZYNGA mark and/or misspellings of the ZYNGA mark. Id. ¶ 30. Defendants transfer the "chips" they sell during game play in violation of the Game's terms of service and security measures, and in violation of the license they received from Zynga to participate in the Game or to

---

[1] Christopher Varas ("Varas"), attorney with the law firm of Keats McFarland & Wilson LLP, filed a Declaration in Support of the Motion for Default Judgment. Docket No. 45.

2

United States District Court
For the Northern District of California

access Zynga's servers.  Id. ¶ 32.

Plaintiff asserts the following causes of action against Defendants: (1) Federal Trademark Infringement, 15 U.S.C. § 1114(1); (2) False Designation of Origin, 15 U.S.C. § 1125(a); (3) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (4) Violation of California's Business & Professions Code § 17200; (5) Violation of California Penal Code § 502; (6) California common law trademark infringement; (7) California common law passing off and unfair competition; (8) breach of contract; (9) intentional interference with contractual relations; and (10) trespass to chattels.  FAC ¶¶ 35-94.

III. **LEGAL STANDARD**

After entry of default, the Court may enter a default judgment.  Fed. R. Civ. P. 55(b)(2).  The Court's decision whether to enter a default judgment, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors.  If the court determines service of process was sufficient, the court may consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "The general rule of law is that upon default the factual allegations

United States District Court
For the Northern District of California

of the complaint, except those relating to the amount of damages, will be taken as true." <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977).

**IV.   <u>DISCUSSION</u>**

Accepting the allegations in the FAC, the Court finds that the <u>Eitel</u> factors favor default judgment.  If the Court does not enter Default Judgment, Zynga will suffer prejudice in the form of impairment of its trademark rights and interference with its relationships with its customers.  Having reviewed the FAC and the contentions in Plaintiff's Motion, the Court finds that the allegations in the FAC are sufficient to support Plaintiff's causes of action.

There is no evidence that Defendants' failure to appear was the result of excusable neglect.  The Court authorized Zynga to issue subpoenas to specific entities in an effort to identify and locate Defendants.  Docket Nos. 15, 23, 27.  Based on the information obtained, Zynga identified approximately twenty-seven email addresses used by Defendants, and Zynga requested the Court for leave to serve Defendants by electronic mail.  Docket No. 30. Based on the circumstances of this case, and finding that the request was not prohibited by any international agreement, and that it satisfied the requirements of due process, the Court granted the request on March 4, 2010.  Docket No. 33.  On March 22, 2010, Zynga sent the summons, FAC, and other relevant documents by email to the identified email addresses in both

**United States District Court**
For the Northern District of California

4

English and Turkish.  Decl. of Orme Mann ¶ 2.[2]  The transmittal email was successfully relayed to twenty-one of the recipients, and read on March 22, 2010.  Id. ¶ 4.  Despite being served with process, Defendants have not responded to this lawsuit.

While it is preferable to decide cases on the merits whenever possible, this preference is not dispositive.  Where a party fails to defend against a complaint, Rule 55 authorizes the Court to enter default judgment.  Kloepping v. Fireman's Fund, No. 94-2684, 1996 U.S. Dist. LEXIS 1786, at *10 (N.D. Cal. Feb. 14, 1996).

**V.    CONCLUSION**

As set forth in the Default Judgment issued concurrently with this Order, the Court GRANTS the Motion for Default Judgment filed by Plaintiff Zynga Game Network Inc.


IT IS SO ORDERED.


Dated: July 1, 2010                         _____
                                            UNITED STATES DISTRICT JUDGE

---

[2] Darrell V. Orme Mann ("Orme Mann"), of Keats McFarland & Wilson LLP, filed a Declaration in connection with Plaintiff's Proof of Service.  Docket No. 39.

United States District Court
For the Northern District of California