UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYNGA GAME NETWORK INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NADIR ERKAN, an individual, and YUSUF DINCER, an individual,<br><br>Defendants. | No. 09-3264 SC<br><br>DEFAULT JUDGMENT |

Plaintiff Zynga Game Network Inc. ("Zynga"), having filed a Complaint in this action charging Defendants Nadir Erkan and Yusuf Dincer (collectively "Defendants") with: (1) Federal Trademark Infringement, 15 U.S.C. § 1114(1); (2) False Designation of Origin, 15 U.S.C. § 1125(a); (3) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (4) Violation of California's Business & Professions Code § 17200; (5) Violation of California Penal Code § 502; (6) California common law trademark infringement; (7) California common law passing off and unfair competition; (8) breach of contract; (9) intentional interference with contractual relations; and (10) trespass to chattels, and the Court having found good cause, it is hereby

ORDERED, ADJUDGED AND DECREED as between Zynga and Defendants (the "Parties"):

1. This Court has jurisdiction over the Parties to this action and over the subject matter hereof pursuant to 15 U.S.C. §§ 1116, 1121 and 1125, and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a). Service was properly made against Defendants.

2. Zynga owns the trademark and service mark ZYNGA (the "ZYNGA Mark") and has used the ZYNGA Mark in commerce since June 2007.

3. The ZYNGA Mark is inherently distinctive and by virtue of Zynga's extensive advertising and sales under the ZYNGA Mark, has become well-known within social gaming circles as a source identifier for Zynga's online games.

4. Zynga is the owner of United States Federal Trademark Registration No. 3,685,749 for the mark ZYNGA in International Classes 9 and 41 for downloadable computer game software for use on wireless devices and computers.

5. Zynga is the publisher of Zynga Poker (the "Game"), a computerized version of the world-famous poker game in which players compete with one another using virtual "chips."

6. Among other things, the Terms of Service that govern users' play of the Game prohibit players from selling "chips" for real-world money or otherwise exchanging "chips" for anything of value outside the Game. Zynga has not authorized any third party to sell or distribute the "chips" used in the Game.

7. Defendants assented to and are bound by the Terms of Service governing use of the Game, which are located at

http://www.zynga.com/about/terms-of-service.php.

8.  Defendants own and operate Internet websites through which they have unlawfully sold and offered for sale "chips" for use in the Game, and have wrongfully used the ZYNGA Mark to advertise and sell these unauthorized "chips." Defendants currently operate or previously operated these websites from the Internet domain names BUYFACEBOOKCHIPS.NET; ZEROCHIPS.COM; CHIPSOVER.COM; CHIPSOVER.NET; REALCHIPS.NET; and CHIPSBOX.COM.

9.  Defendants have used the Game itself as part of their scheme, transferring the "chips" they "sell" during game play in contravention of the Game's terms of service and/or security measures, and in violation of the license they received from Zynga to participate in the Game.

10.  Defendants have willfully and maliciously violated Zynga's intellectual property, contractual, and other rights, and Defendants are jointly and severally liable for each and every one of the claims alleged in Zynga's First Amended Complaint.

11.  Defendants and their affiliates, agents, servants, employees, representatives, successors, assigns, and any person, corporation or other entity acting under Defendants' individual or collective direction or control, or in active concert or participation with Defendants or either of them, are immediately and permanently enjoined from:

   a.  Directly or indirectly using the ZYNGA trademark and any other mark, symbol, or logo that is a reproduction, counterfeit, copy, or colorable imitation of or that is confusingly similar to, or that is identical with, or

1 substantially indistinguishable from, the ZYNGA mark on or in
2 connection with any goods or services;

3     b. Engaging in any conduct that tends falsely to
4 represent that, or is likely to confuse, mislead or deceive
5 purchasers, Defendants' customers and/or members of the public to
6 believe that the actions of Defendants are connected with Zynga,
7 are sponsored, approved, or licensed by Zynga, or are in any way
8 connected or affiliated with Zynga;

9     c. Affixing, applying, annexing, or using in connection
10 with the manufacture, distribution, advertising, sale, and/or
11 offering for sale or other use of any goods or services, a false
12 description or representation, including words or other symbols,
13 tending to falsely describe or represent such goods as being those
14 of Zynga;

15     d. Registering any Internet domain name that includes
16 the ZYNGA Mark, or any variations or misspellings thereof, whether
17 alone or in combination with any other term(s) or character(s);

18     e. Accessing, directly or indirectly, any computer
19 server or computer system owned, leased or operated by Zynga for
20 any reason whatsoever, including without limitation any server or
21 computer that provides access to the Game, or to any other game or
22 application published by Zynga;

23     f. Advertising, purchasing, selling, trading,
24 exchanging, profiting from, accepting or processing payments for,
25 or facilitating or participating in any way in the advertisement,
26 purchase, sale, trade, or exchange of "chips" for use in the Game
27 or any virtual item used in any Zynga game or application;

28

      g.  Participating in any way in the display of online "sponsored links" or any other form of pay-per-click or pay-per-impression advertising related to "chips" for use in the Game or any other virtual item used in any Zynga game or application, including but not limited to causing hyperlinks and other advertising materials to be displayed in response to searches for "zynga", or searches for any of Zynga's games or applications;

      h.  Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(g) above.

12.  The Internet domain name registrars through which the domain names BUYFACEBOOKCHIPS.NET; ZEROCHIPS.COM; CHIPSOVER.COM; CHIPSOVER.NET; REALCHIPS.NET; and CHIPSBOX.COM are registered are hereby ORDERED to transfer the registrations of those domain names to Zynga.

13.  Defendants and each of them are hereby ORDERED to account for all profits from their sale of "chips" for use in the Game.  Defendants are jointly and severally liable for this award.

14.  The Court will consider a motion for an award of attorneys' fees and a bill of costs submitted by Plaintiff pursuant to Federal Rule of Civil Procedure 54(d) and Civil Local Rule 54.  Defendants shall be jointly and severally liable for any award of attorneys' fees entered by the Court.

15. Zynga shall serve this Judgment upon Defendants by emailing this Judgment, and any appropriate translation of this

Judgment, to all known email addresses associated with Defendants. Plaintiff shall file a Proof of Service within thirty (30) days of this Judgment.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: July 1, 2010

_____
UNITED STATES DISTRICT JUDGE