Larry W. McFarland (Bar No. 129668)
E-Mail:  lmcfarland@kmwlaw.com
Dennis Wilson (Bar No. 155407)
E-Mail:  dwilson@kmwlaw.com
David K. Caplan (Bar No. 181174)
E-Mail:  dcaplan@kmwlaw.com
Christopher T. Varas (Bar No. 257080)
E-Mail:  cvaras@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California  90212
Telephone:  (310) 248-3830
Facsimile:  (310) 860-0363

Attorneys for Plaintiff
ZYNGA GAME NETWORK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZYNGA GAME NETWORK INC., a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>NADIR ERKAN, an individual, AND YUSUF DINCER, an individual,<br><br>Defendants. | **CASE NO. CV-09:3264 SC**<br><br>**MOTION FOR ATTORNEYS' FEES AND COSTS; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Noted For Hearing:**<br>**DATE:      September 3, 2010**<br>**TIME:       10:00am**<br>**PLACE:    Courtroom No. 1** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES:  Please take notice that on September 3, 2010, at 10:00 a.m., in Courtroom 1 of the United States Federal District Courthouse, 450 Golden Gate Ave., San Francisco, California 94102, Plaintiff Zynga Game Network Inc. ("Zynga") will move the Court pursuant to 15 U.S.C. § 1117(a), Federal Rule of Civil Procedure 54(d), Civil Local Rule 54-5 and the Default Judgment entered on July 1, 2010 (Dkt. No. 47) for an award of attorneys' fees and costs jointly and severally against defendants Nadir Erkan and Yusuf Dincer (collectively "Defendants"). Zynga's Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declaration of Christopher Varas, the Proposed Order submitted herewith, all pleadings on file in this action, and any other matter that may be submitted in support of this Motion.

**ISSUE TO BE DECIDED**

Whether the Court should grant Zynga an award of attorneys' fees in the amount of $26,131 and an award of costs in the amount of $8,189.63 jointly and severally against the Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND RELEVANT FACTS**

Zynga filed its original complaint in this action on June 16, 2009. (Dkt. No. 1.)  Zynga filed its First Amended Complaint in this action on February 10, 2009.  (Dkt. No. 29.)  On March 4, 2010, the Court authorized Zynga to serve the Defendants with process by email.  (Dkt. No. 33.)  Zynga served the Defendants with process in both English and Turkish on March 22, 2010.  <u>See</u> Dkt. No. 39.  The Defendants both failed to answer Zynga's First Amended Complaint within the time required by the Federal Rules of Civil Procedure.  Zynga filed its motion for entry of default against them on April 16, 2010.  (Dkt. No. 38.)  The Clerk entered the Defendants' default on April 23,2010. (Dkt. No. 42.)  Zynga filed its motion for default judgment on May 7, 2010.  (Dkt. No. 44.)  The Court entered default judgment against the Defendants jointly and severally on July 1, 2010.  (Dkt. No. 47.)

In its default judgment, the Court stated that it would "consider a motion for an award of attorneys' fees and a bill of costs submitted by Plaintiff pursuant to Federal Rule of Civil Procedure

54(d) and Civil Local Rule 54." (Id. at ¶ 14.)  The Court also confirmed that "Defendants shall be jointly and severally liable for any award of attorneys' fees entered by the Court."

## II.   ARGUMENT AND AUTHORITY

### A.   Zynga Is Entitled its Requested Award of Attorneys' Fees

The Lanham Act authorizes awards of attorneys' fees in "exceptional cases."  15 U.S.C. § 1117(a).  A case is exceptional for purposes of the Lanham Act "when the infringement is malicious, fraudulent, deliberate or willful."  Gracie v. Gracie, 217 F.3d 1060, 1068 (9th Cir. 2000).  This Court has found that the Defendants' infringement of Zynga's intellectual property rights in this case was willful and malicious.  (Dkt. No. 47, ¶ 10.)  Furthermore, a case is also exceptional for purposes of the Lanham Act when, as here, the defendant fails to participate in the case.  See Philip Morris U.S.A. Inc. v. Castworld Prod's., 219 F.R.D. 494, 502 (C.D. Cal. 2003) (citing Taylor Made Golf Co. v. Carsten Sports, 175 F.R.D. 658, 663 (S.D. Cal. 1997)).  Accordingly, Zynga is entitled to an award of attorneys' fees against the Defendants.

The Ninth Circuit uses the "lodestar" method to determine the reasonableness of a fee application.  Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 1993) (affirming award of attorneys' fees and remanding for re-calculation).  The lodestar amount is obtained by multiplying the number of hours reasonably expended by a reasonable hourly billing rate.  Id.  Once the lodestar is determined, the Court may adjust that figure upward or downward.  See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975) (listing factors).[1]  The Supreme Court has "established a 'strong presumption' that the lodestar represents the 'reasonable' fee."  City of Burlington v. Dague, 505 U.S., 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992); accord D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1383 (9th Cir. 1990) ("the lodestar amount is presumed to constitute a reasonable fee"); Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993)

---

[1] The factors are:  (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) the contingent or fixed nature of the fee; (7) limitations imposed by the client or the case; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature of the professional relationship with the client; and (12) awards in similar cases.

(holding the lodestar "is presumptively reasonable and should be modified only in exceptional cases").

The appropriate lodestar figure in this case is $26,131, which corresponds to the number of hours worked and actually billed to Zynga for work in obtaining the default judgment against the Defendants, multiplied by each timekeeper's hourly billing rate.  Application of the two-part test establishes that his calculation is reasonable.

### 1.     The Hourly Billing Rate Is Reasonable

In intellectual property cases, courts in this Circuit and elsewhere frequently use the survey of the American Intellectual Property Law Association (AIPLA) in determining a reasonable rate.  See Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp., 151 F. Supp. 2d 1192, 1211-12 (C.D. Cal. 2001), rev'd on other grounds, 351 F.3d 1139 (2003), (rates reasonable in light of AIPLA survey). The AIPLA Survey is a leading authority on the prevailing rates charged by IP counsel.  See Monsanto Co. v. Bayer Cropscience, N.V., No. CV:00-01915, 2007 U.S. Dist. LEXIS 27156, at *27 (E.D. Mo. Apr. 12, 2007), aff'd sub nom., Monsanto Co. v. Bayer Bioscience N.V., 275 F. App'x. 992 (Fed Cir. 2008) (AIPLA survey "helpful in determining a reasonable fee").

The rates charged by Zynga's attorneys are consistent with the rates reported in the most recent AIPLA survey and reflect the specialized nature of intellectual property law.  (See Declaration of Christopher Varas in Support of Zynga's Motion for Attorneys' Fees and Costs (the "Varas Decl."), 2-6, Ex. 1.)

Zynga's attorneys at Keats McFarland & Wilson LLP specialize in trademark litigation. Dennis Wilson has over eighteen years of trademark litigation experience.  (Varas Decl., ¶ 6.)  David Caplan has over fourteen years of trademark litigation experience.  (Id., ¶ 5.)  Christopher Varas has more than seven years of litigation experience, and has practiced primarily in the field of intellectual property litigation for more than five years.  (Id., ¶ 4.)  The substantial and focused expertise of Zynga's attorneys in this case fully supports the hourly rates they charge.  See Clairol v. Save-Way Indus., 211 U.S.P.Q. 223, 225 (S.D. Fla. 1980) ("Trademark litigation is a particularly difficult field of specialization and is recognized as meriting greater than average rate of pay"); Dunkin' Donuts v. Mercantile Ventures, 32 U.S.P.Q.2d 1460, 1463 (W.D. Tex. 1994) (same).

### 2.   The Hours Expended Were Reasonable

The time spent by Zynga's counsel was reasonably necessary to the successful prosecution of its claims in this case.  Hours are "reasonably expended" when the attorneys exercise "billing judgment" by, *inter alia*, efficiently staffing matters and "writing off unproductive, excessive, or redundant hours."  <u>Green v. Admins. of Tulane Educ. Fund</u>, 284 F.3d 642, 662 (5th Cir. 2002).

Many of the tasks involved in this litigation – which has lasted for more than a year – require significant investments of time and effort.  (Varas Decl., ¶ 7.)  In particular, the Defendants' extensive efforts to conceal their identities and locations required Zynga to file several motions for leave to serve subpoenas on different third parties, as each round of subpoenas uncovered false identity and location information for the Defendants, as well as additional third parties that seemed likely to possess more reliable information about the Defendants.  (Id.; <u>see also</u>, <u>e.g.</u>, Dkt. Nos. 13, 19, 25.)  The case also required Zynga's attorneys to conduct extensive analysis of the Defendants' various domain names and websites in order to confirm the connections among them and their relationship to the Defendants.  (Varas Decl., ¶ 8.)

To the extent possible in light of the substantial amount of work required to assemble and present Zynga's case to the Court, Zynga's counsel staffed this case so as to achieve maximum efficiency, including by diligently delegating work to less expensive time keepers and not billing Zynga for some time actually worked.  (<u>Id</u>.,¶ 9.)  Excluding the time spent preparing this Motion, attorney Christopher Varas spent 61.6 hours in obtaining the default judgment against the Defendants, for which Zynga was billed $21,560; attorney David Caplan spent 8 hours in obtaining the default judgment against the Defendants, for which Zynga was billed $3,680; and attorney Dennis Wilson spent 1.8 hours in obtaining the default judgment against the Defendants, for which Zynga was billed $891.  (Varas Decl., ¶¶ 13.)  Accordingly, Zynga respectfully requests that the Court award Zynga $26,131 in attorneys' fees jointly and severally against the Defendants.  Pursuant to Civil Local Rule 54-5(b)(2), Zynga's attorneys are prepared to submit their contemporaneous time records for the Court's inspection, should the Court so request.

1

**3.     The <u>Kerr</u> Factors Justify Full Recovery**

2       Although the Court may adjust the lodestar upward or downward in light of the factors set

3  forth in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S.

4  951, 96 S. Ct. 1726, 48 L. Ed. 2d (1976) (citing <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714

5  (5th Cir. 1974)), there is a strong presumption that the lodestar is reasonable.  <u>Ferland v. Conrad</u>

6  <u>Credit Corp.</u>, 244 F.3d 1145, 1149 (9th Cir. 2001) (holding that remand was necessary so the district

7  court could give a "concise but clear explanation of its reasons" for departing from the Lodestar

8  amount) ; <u>see also</u> <u>Aris Isotoner, Inc. v. Dong Jin Trading Co., Inc.</u>, 17 U.S.P.Q.2d 1017, 1024

9  (S.D.N.Y. 1989) (noting that in a trademark case, "courts generally focus on the amount billed to the

10  client, decreasing this amount only if the hours spent or the billing rates seem unreasonable").

11  Consistent with this presumption, Zynga respectfully requests that the Court award it the fees it

12  reasonably incurred, with no enhancement or deduction.

13     **B.     Zynga Is Entitled to Recover its Costs Other than Attorneys' Fees**

14       Both the Lanham Act and the Federal Rules of Civil Procedure authorize the Court to award

15  Zynga its costs other than attorneys' fees.  <u>See</u> Fed.R.Civ.P. 54(d)(1); 15 U.S.C. § 1117(a)(3).

16  Zynga reasonably incurred costs other than attorneys' fees in the investigation of the Defendants'

17  infringement, including legal research and the filing of court documents.  To date, Zynga's counsel

18  has expended $8,189.63 in costs in this case.  A Bill of Costs, with supporting documentation, is

19  submitted herewith.  Zynga respectfully requests that the Court also award these costs against the

20  Defendants jointly and severally, as they were reasonably incurred and integral to the prosecution of

21  Zynga's claims against the Defendants.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

### III.   CONCLUSION

For the foregoing reasons, Zynga respectfully requests that the Court order the Defendants jointly and severally to pay to Zynga $26,131 in attorneys' fees and $8,189.63 in costs that Zynga has incurred in bringing this action.

Dated:  July 14, 2010               By: _____/s/_____

Christopher T. Varas
Keats McFarland & Wilson LLP
Attorneys for Plaintiff
ZYNGA GAME NETWORK INC.

### PROOF OF SERVICE
***Zynga Game Network Inc. v. Nadir Erkan and Yusuf Dincer***

### U.S.D.C., Northern District of California
### Case No.  CV 09-03264 SC

I, the undersigned, say:  I am and was at all times herein mentioned a resident of the County of Los Angeles, over the age of eighteen (18) years and not a party to the within action or proceeding.  My business address is 9720 Wilshire Boulevard, Penthouse Suite, Beverly Hills, California 90212, and I am employed in the office of Keats McFarland & Wilson LLP, by a member of the Bar of this Court, at whose direction the service mentioned herein below was made.

On July 14, 2010, pursuant to the Court's Order Authorizing Plaintiff to Serve Defendants with Process by Electronic Mail (Doc. 33) filed March 4, 2010, I served the document(s) listed below entitled:

1) **MOTION FOR ATTORNEYS' FEES AND COSTS; AND MEMORANDUM OF POINTS AND AUTHORITIES**

2) **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSSTS**

3) **DECLARATION OF CHRISTOPHER VARAS IN SUPPORT OF ZYNGA'S MOTION FOR ATTORNEYS' FEES AND COSTS**

upon defendants Nadir Erkan and Yusuf Dincer at the following e-mail addresses:

'softoem@gmail.com'; 'aysesonmez18@gmail.com'; 'yusuf.dincer@gmail.com'; 'info@buyfacebookchips.net'; 'pokerchips@realchips.net'; 'info@chipsover.com'; 'info@realchips.net'; 'msn@chipsover.com'; 'info@ebookparts.com'; 'msn@realchips.net'; 'bilgi@yazaformdagir.com'; 'nadirerkan@gmail.com'; 'biwolski@gmail.com'; 'prof43_18@hotmail.com'; 'brett-1979@live.com'; 'cafu_loh@hotmail.com'; 'oteller1@gmail.com'; 'opklba@gmail.com'; 'zerocool900@hotmail.com'; 'erdaltop1@gmail.com'; 'nadirerkan@hotmail.com'; 'chipseller.support@gmail.com'; 'msn@chipsbox.com'; 'chipsbox@gmail.com'; 'info@chipsbox.com'; 'chipsover@gmail.com'; 'realchips.net@gmail.com'

BY PDF ELECTRONIC MAIL:  On July 14, 2010, from my computer I simultaneously transmitted to the named defendants in this case via electronic mail sent to the electronic addresses above a copy (in pdf form) of each of the foregoing document(s).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 14, 2010, at Beverly Hills, California.

s/Darrell V. Orme Mann

Darrell V. Orme Mann