IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYNGA GAME NETWORK INC., a Delaware Corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>NADIR ERKAN, an individual, and YUSUF DINCER, an individual,<br><br>        Defendants. | ) Case No. 09-3264 SC<br>)<br>) ORDER DENYING MOTION FOR<br>) ATTORNEYS' FEES AND COSTS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I.    **INTRODUCTION**

    Plaintiff Zynga Game Network Inc. ("Plaintiff") brought this action against Defendants Nadir Erkan and Yusuf Dincer ("Defendants"), alleging three causes of action under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), 1030, and seven causes of action under California state law. ECF No. 1 ("Compl."). Defendants did not file an answer or otherwise respond to this Complaint, and on July 1, 2010, this Court entered a Default Judgment against Defendants. ECF No. 46 ("Default J. Order"). Now before the Court is Plaintiff's Motion for Attorneys' Fees and Costs, in which Plaintiff seeks $26,131 in attorneys' fees and $8,189.63 in costs. ECF No. 49 ("Motion"). Defendants have not responded to this Motion. Pursuant to Civil Local Rule 7-1(b), the Court finds the Motion suitable for determination without oral argument. For the reasons stated below, the Court DENIES Plaintiff's Motion.

## II. LEGAL STANDARD

15 U.S.C. § 1117 permits a court to award reasonable attorneys' fees to the prevailing party in "exceptional" Lanham Act cases, and the Ninth Circuit has held that a case is "exceptional" where the defendant's behavior is malicious, fraudulent, deliberate, or willful. See Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1384 (9th Cir. 1984); Playboy Enters., Inc. v. Baccarat Clothing Co., 692 F.2d 1272, 1276 (9th Cir. 1982). To determine a reasonable amount of attorneys' fees, the court should "calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). To determine a reasonable number of hours, the court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours claimed by the applicant were unnecessary, duplicative or excessive. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987). To determine a reasonable rate for each attorney, the court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation. Id. at 1210-11.

## III. DISCUSSION

The Court found that Defendants' activity was willful and malicious. Default J. Order ¶ 10. Thus, attorneys' fees are appropriate under 15 U.S.C. § 1117. See Ringcentral, Inc. v.

Quimby, No. 09-2693, 2010 WL 1459736, *15-16 (N.D. Cal. Apr. 8, 2010) (awarding attorneys' fees to a plaintiff in a Lanham Act action where a default judgment had been entered against defendants for failing to appear in and defend the action).

Plaintiff has the burden of proving its claimed fees are reasonable. Northwest Adm'rs, Inc. v. AD Auto. Distribs., Inc., No. C-05-2880, 2006 WL 1626940, *3 (N.D. Cal. June 12, 2006). To establish the reasonableness of these attorneys' fees, Plaintiff attaches a declaration of Christopher Varas ("Varas"), counsel for Plaintiff, who claims primary responsibility for managing the litigation. Varas Decl. ¶ 3.[1] Varas declares that David Caplan ("Caplan"), partner at Keats McFarland & Wilson LLP ("KMW"), spent eight hours in obtaining the default judgment, and that Caplan's billing rate is $460 per hour. Id. ¶¶ 5, 12. Varas declares that Dennis Wilson, a founding partner at KMW, spent 1.8 hours on the case at an hourly rate of $495. Id. ¶¶ 6, 13. Varas declares he himself spent 61.6 hours on the issue at an hourly rate of $350. Id. ¶ 11.

While Plaintiff adequately documents the reasonableness of the attorneys' billing rates by attaching surveys of hourly rates for intellectual property attorneys, Varas Decl. Ex. 1 ("AIPLA 2009 Report"), and attorney biographies, id. Exs. 2 ("Varas Biog."), 3 ("Wilson Biog."), Plaintiff's documentation for the number of hours claimed is inadequate. Plaintiff fails to attach actual billing records. Billing records are particularly important in a case where both Lanham Act and non-Lanham Act claims are brought, because attorneys' fees are only available for the fees incurred in

---

[1] ECF No. 50.

3

bringing the Lanham Act claims unless "it is impossible to differentiate between work done on claims." Gracie v. Gracie, 217 F.3d 1060, 1069-79 (9th Cir. 2000). As presently documented, the Court finds the number of hours worked to appear grossly excessive.

Plaintiff's documentation of costs incurred is similarly inadequate. A plaintiff who prevails on a claim under 15 U.S.C. § 1125(a) is entitled to costs. 15 U.S.C. § 1117(a). Plaintiff claims $350.00 in fees of the Clerk, $366.80 in fees and disbursements for printing, and $7,472.83 in "other costs." ECF No. 49 ("Bill of Costs") at 1. The documentation supporting these "other costs" is so heavily redacted that the Court has no way to adduce the legitimacy and reasonableness of these costs. In addition, Plaintiff includes as costs items such as telephone calls and LexisNexis computer research which the Court considers overhead rather than costs. See Cairns v. Franklin Mint Co., 115 F. Supp. 2d 1185, 1189 (C.D. Cal. 2000), Banta v. City of Merrill, No. 06-3003-CL, 2007 WL 3543445, at *5 (D. Or. Nov. 14, 2007). The Court also notes that many of the claimed fees -- such as more than $2700 billed to "Corporate Legal Services," ostensibly for document delivery -- appear grossly excessive.

Accordingly, Plaintiff's Motion for Attorneys' Fees and Costs is DENIED for lack of clarity and specificity. Plaintiff shall have thirty days to file a second motion. Should it choose to do so, the motion should be supported by documentation sufficient for the Court to determine if the fees and costs claimed are reasonable and legitimate. This documentation could include detailed attorney billing records; a table of costs identifying the date, amount, payee, and description of each cost; a declaration from the lead

attorney explaining the costs incurred; and/or unredacted documentation of costs for <u>in camera</u> review. Plaintiff should not claim any fees or costs incurred beyond the date of this Order.

**IV. CONCLUSION**

For the reasons stated above, the Motion for Attorney's Fees brought by Plaintiff Zynga Game Network Inc. is DENIED for lack of clarity and specificity. Plaintiff has thirty (30) days to file a second motion for attorney's fees.

IT IS SO ORDERED.

Dated: August 31, 2010

UNITED STATES DISTRICT JUDGE