Larry W. McFarland (Bar No. 129668)
E-Mail:  lmcfarland@kmwlaw.com
Dennis Wilson (Bar No. 155407)
E-Mail:  dwilson@kmwlaw.com
David K. Caplan (Bar No. 181174)
E-Mail:  dcaplan@kmwlaw.com
Christopher T. Varas (Bar No. 257080)
E-Mail:  cvaras@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California  90212
Telephone:  (310) 248-3830
Facsimile:  (310) 860-0363

Attorneys for Plaintiff
ZYNGA GAME NETWORK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZYNGA GAME NETWORK INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NADIR ERKAN, an individual, AND YUSUF DINCER, an individual,<br><br>Defendants. | **CASE NO. CV-09:3264 SC**<br><br>**RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Noted For Hearing:**<br>**DATE:** November 15, 2010<br>**TIME:** 10:00am<br>**PLACE:** Courtroom No. 1 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES: Please take notice that on November 15, 2010, at 10:00 a.m., in Courtroom 1 of the United States Federal District Courthouse, 450 Golden Gate Ave., San Francisco, California 94102, Plaintiff Zynga Game Network Inc. ("Zynga") will move the Court pursuant to 15 U.S.C. § 1117(a), Federal Rule of Civil Procedure 54(d), Civil Local Rule 54-5, the Default Judgment entered on July 1, 2010 (Dkt. No. 47) and this Court's August 31, 2010 order (Dkt. No. 53) for an award of attorneys' fees and costs jointly and severally against defendants Nadir Erkan and Yusuf Dincer (collectively "Defendants"). Zynga's Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declaration of Christopher Varas, the billing and cost records lodged herewith for the Court's *in camera* review, the Proposed Order submitted herewith, all pleadings on file in this action, and any other matter that may be submitted in support of this Motion.

## ISSUE TO BE DECIDED

Whether the Court should grant Zynga an award of attorneys' fees in the amount of $29,201 and an award of costs in the amount of $8,205.50 jointly and severally against the Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND RELEVANT FACTS

Zynga filed its original complaint in this action on June 16, 2009. (Dkt. No. 1.) Zynga filed its First Amended Complaint in this action on February 10, 2009. (Dkt. No. 29.) On March 4, 2010, the Court authorized Zynga to serve the Defendants with process by email. (Dkt. No. 33.) Zynga served the Defendants with process in both English and Turkish on March 22, 2010. See Dkt. No. 39. The Defendants both failed to answer Zynga's First Amended Complaint within the time required by the Federal Rules of Civil Procedure. Zynga filed its motion for entry of default against them on April 16, 2010. (Dkt. No. 38.) The Clerk entered the Defendants' default on April 23, 2010. (Dkt. No. 42.) Zynga filed its motion for default judgment on May 7, 2010. (Dkt. No. 44.) The Court entered default judgment against the Defendants jointly and severally on July 1, 2010. (Dkt. No. 47.) Zynga filed its initial motion for an award of attorneys' fees and costs on July 14,

2010.  (Dkt. No. 49.)  On August 31, 2010, the Court instructed Zynga to re-file its motion with additional explanation and documentation supporting its requested award of fees and costs.  (Dkt. No. 53.)

## II.    ARGUMENT AND AUTHORITY

### A.    Zynga Is Entitled its Requested Award of Attorneys' Fees

The Lanham Act authorizes awards of attorneys' fees in "exceptional cases."  15 U.S.C. § 1117(a).  A case is exceptional for purposes of the Lanham Act "when the infringement is malicious, fraudulent, deliberate or willful."  Gracie v. Gracie, 217 F.3d 1060, 1068 (9th Cir. 2000).  This Court has found that the Defendants' infringement of Zynga's intellectual property rights in this case was willful and malicious. (Dkt. No. 47, ¶ 10.)  Furthermore, a case is also exceptional for purposes of the Lanham Act when, as here, the defendant fails to participate in the case.  See Philip Morris U.S.A. Inc. v. Castworld Prod's., 219 F.R.D. 494, 502 (C.D. Cal. 2003) (citing Taylor Made Golf Co. v. Carsten Sports, 175 F.R.D. 658, 663 (S.D. Cal. 1997)).  Accordingly, Zynga is entitled to an award of attorneys' fees against the Defendants.  (See also Dkt. Nos. 47, 53.)

The Ninth Circuit uses the "lodestar" method to determine the reasonableness of a fee application.  Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 1993) (affirming award of attorneys' fees and remanding for re-calculation).  The lodestar amount is obtained by multiplying the number of hours reasonably expended by a reasonable hourly billing rate.  Id.  Once the lodestar is determined, the Court may adjust that figure upward or downward.  See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975) (listing factors).[1]  The Supreme Court has "established a 'strong presumption' that the lodestar represents the 'reasonable' fee."  City of Burlington v. Dague, 505 U.S., 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992); *accord* D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1383 (9th Cir. 1990) ("the lodestar amount is presumed to

---

[1] The factors are:  (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) the contingent or fixed nature of the fee; (7) limitations imposed by the client or the case; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature of the professional relationship with the client; and (12) awards in similar cases.

2

constitute a reasonable fee"); Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) (holding the lodestar "is presumptively reasonable and should be modified only in exceptional cases").

The appropriate lodestar figure in this case is $29,201, which corresponds to the number of hours worked and actually billed to Zynga for work in obtaining the default judgment against the Defendants, multiplied by each timekeeper's hourly billing rate. Application of the two-part test establishes that his calculation is reasonable.

### 1. The Hourly Billing Rate Is Reasonable[2]

In intellectual property cases, courts in this Circuit and elsewhere frequently use the survey of the American Intellectual Property Law Association (AIPLA) in determining a reasonable rate. See Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp., 151 F. Supp. 2d 1192, 1211-12 (C.D. Cal. 2001), *rev'd on other grounds*, 351 F.3d 1139 (2003), (rates reasonable in light of AIPLA survey). The AIPLA Survey is a leading authority on the prevailing rates charged by IP counsel. See Monsanto Co. v. Bayer Cropscience, N.V., No. CV:00-01915, 2007 U.S. Dist. LEXIS 27156, at *27 (E.D. Mo. Apr. 12, 2007), *aff'd sub nom.*, Monsanto Co. v. Bayer Bioscience N.V., 275 F. App'x. 992 (Fed Cir. 2008) (AIPLA survey "helpful in determining a reasonable fee").

The rates charged by Zynga's attorneys are consistent with the rates reported in the most recent AIPLA survey and reflect the specialized nature of intellectual property law. (See Declaration of Christopher Varas in Support of Zynga's Motion for Attorneys' Fees and Costs (the "Varas Decl."), 2-6, Ex. 1.)

Zynga's attorneys at Keats McFarland & Wilson LLP specialize in trademark litigation. Dennis Wilson has over eighteen years of trademark litigation experience. (Varas Decl., ¶ 6.) David Caplan has over fourteen years of trademark litigation experience. (Id., ¶ 5.) Christopher Varas has more than seven years of litigation experience, and has practiced primarily in the field of intellectual property litigation for more than five years. (Id., ¶ 4.) The substantial and focused expertise of Zynga's attorneys in this case fully supports the hourly rates they charge. See Clairol v. Save-Way

---

[2] In its August 31, 2010 order, the Court noted that Zynga had adequately documented the reasonableness of its attorneys' billing rates. (Dkt. No. 53, p. 3.)

Indus., 211 U.S.P.Q. 223, 225 (S.D. Fla. 1980) ("Trademark litigation is a particularly difficult field of specialization and is recognized as meriting greater than average rate of pay"); Dunkin' Donuts v. Mercantile Ventures, 32 U.S.P.Q.2d 1460, 1463 (W.D. Tex. 1994) (same).

### 2. The Hours Expended Were Reasonable

The time spent by Zynga's counsel was reasonably necessary to the successful prosecution of its claims in this case. Hours are "reasonably expended" when the attorneys exercise "billing judgment" by, *inter alia*, efficiently staffing matters and "writing off unproductive, excessive, or redundant hours." Green v. Admins. of Tulane Educ. Fund, 284 F.3d 642, 662 (5th Cir. 2002).

Many of the tasks involved in this litigation – which has lasted for more than a year – require significant investments of time and effort. (Varas Decl., ¶ 7.) As Zynga documented in the motions it has filed in this case, the Defendants undertook extensive efforts to conceal their identities and locations, including by providing false and contradictory name and contact information to at least six different third parties, including financial institutions such as PayPal and Chevy Chase Bank. (Id., ¶ 8.) As a result Defendants' bad faith use of false identity and contact information, it was necessary for Zynga to file several separate motions for leave to send subpoenas to third parties, as each set of document production revealed additional false information for Defendants. (Id.)

In order to avoid unnecessary motion practice, Zynga's counsel analyzed the information contained in each set of document production before recommending that Zynga file an additional motion for leave to conduct additional discovery. (Varas Decl., ¶ 9.) This analysis was time consuming and in some cases required the assistance of a private investigator. (Id.) Per the Court's instructions throughout the pendency of this case, Zynga's discovery motions included significant documentary support and detailed explanations of the efforts Zynga had undertaken to confirm the Defendants' identities and locations to that point. (Id.) Ultimately, it was also necessary for Zynga to file a motion for leave to serve the Defendants via electronic mail because Defendants succeeded in concealing their locations. (Id., ¶ 10.)

This case also required Zynga's counsel to spend a substantial amount of time examining and analyzing information contained in the web pages and source code of Defendants' six "chip" selling

4

websites, as well as other websites owned by the Defendants that were not used to sell "chips". (Varas Decl., ¶ 11.) Zynga's counsel also searched the Internet for information about the Defendants by, among other things, running search engine queries for the twenty-six electronic mail addresses that Defendant have used in connection with their various online activities and analyzing the results of those searches. (Id.) This analysis was necessary to identify third parties likely to have information about the Defendants' identities and locations, and to confirm the extent of the Defendants' "chip" selling activities. (Id.)

At each stage of this case, KMW staffed this case so as to achieve maximum efficiency, including by diligently delegating work to less expensive time keepers and not billing Zynga for some time actually worked. (Id.,¶ 12.) Excluding fees and costs incurred after August 31, 2010, attorney Christopher Varas spent 68.4 hours in prosecuting this litigation, for which Zynga was billed $23,940; attorney David Caplan spent 9.5 hours in obtaining the default judgment against the Defendants, for which Zynga was billed $4,370; and attorney Dennis Wilson spent 1.8 hours in obtaining the default judgment against the Defendants, for which Zynga was billed $891. (Varas Decl., ¶¶ 14-16.) Accordingly, Zynga respectfully requests that the Court award Zynga $29,201 in attorneys' fees jointly and severally against the Defendants. Pursuant to Civil Local Rule 54-5(b)(2) and this Court's August 31, 2010 order, Zynga's counsel's contemporaneous time records are lodged herewith for the Court's *in camera* inspection.

### 3. The Kerr Factors Justify Full Recovery

Although the Court may adjust the lodestar upward or downward in light of the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S. Ct. 1726, 48 L. Ed. 2d (1976) (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)), there is a strong presumption that the lodestar is reasonable. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 (9th Cir. 2001) (holding that remand was necessary so the district court could give a "concise but clear explanation of its reasons" for departing from the Lodestar amount) ; see also Aris Isotoner, Inc. v. Dong Jin Trading Co., Inc., 17 U.S.P.Q.2d 1017, 1024 (S.D.N.Y. 1989) (noting that in a trademark case, "courts generally focus on the amount billed to the

client, decreasing this amount only if the hours spent or the billing rates seem unreasonable"). Consistent with this presumption, Zynga respectfully requests that the Court award it the fees it reasonably incurred, with no enhancement or deduction.[3]

### B.   Zynga Is Entitled to Recover its Costs Other than Attorneys' Fees

Both the Lanham Act and the Federal Rules of Civil Procedure authorize the Court to award Zynga its costs other than attorneys' fees. See Fed.R.Civ.P. 54(d)(1); 15 U.S.C. § 1117(a)(3). Concurrently herewith, Zynga files a Bill of Costs itemizing the costs it reasonably incurred in prosecuting this case, including filing fees and fees for the delivery of courtesy copies, copy charges, and fees for the production of documents by third parties to whom Zynga issued subpoenas in its investigation of Defendants' identities and locations.[4]  (See Bill of Costs at Administrative Cost Report; Vendor Invoices).  Excluding costs incurred after August 31, 2010, Zynga's counsel has expended $8,205.50 in costs in this case.  Zynga respectfully requests that the Court also award these costs against the Defendants jointly and severally, as they were reasonably incurred and integral to the prosecution of Zynga's claims against the Defendants.  (See Bill of Costs).

//

---

[3] It is impossible to distinguish between work related to Zynga's Lanham Act claims and its non-Lanham Act claims in this case because all of the work in this case has related directly to Zynga's efforts to enforce its rights, including its Federal trademark rights, against the Defendants. Accordingly, Zynga's fees for the Lanham Act claims and the non-Lanham Act claims "are so inextricably intertwined that even an estimated adjustment would be meaningless." Gracie v. Gracie, 217 F.3d 1060, 1069-70 (9th Cir. 2000).

[4] In its August 31, 2010 order, the Court expressed concern regarding the costs billed by Corporate Legal Services ("CLS") in this case. Zynga's counsel use CLS to deliver documents, including courtesy copies of filed documents, to the Court. (Varas Decl., ¶ 18.) CLS charges a standard rate of $180 for such deliveries, with adjustments for special cases, such as rush deliveries or returning Court documents to Zynga's counsel. (Id.) The amount of money paid to CLS in this case reflects the significant number of filings, including the multiple motions for leave to conduct third party discovery and other procedural motions, such as the motions to continue the Case Management Conference and the motion to serve the Defendants by electronic mail. (Id.) As noted above, all fo these motions were necessary because of Defendants' use of false name and contact information in an effort to conceal their identities and locations. For the Court's reference, the Administrative Report attached to the Bill of Costs identifies the specific task associated with each CLS charge in this case.

## III. CONCLUSION

For the foregoing reasons, Zynga respectfully requests that the Court order the Defendants jointly and severally to pay to Zynga $29,201 in attorneys' fees and $8,205.50 in costs that Zynga has incurred in bringing this action.

Dated: September 30, 2010           By: _____/s/_____
                                          Christopher T. Varas
                                          Keats McFarland & Wilson LLP
                                          Attorneys for Plaintiff
                                          ZYNGA GAME NETWORK INC.

**PROOF OF SERVICE**
*Zynga Game Network Inc. v. Nadir Erkan and Yusuf Dincer*
**U.S.D.C., Northern District of California**
**Case No. CV 09-03264 SC**

I, the undersigned, say: I am and was at all times herein mentioned a resident of the County of Los Angeles, over the age of eighteen (18) years and not a party to the within action or proceeding. My business address is 9720 Wilshire Boulevard, Penthouse Suite, Beverly Hills, California 90212, and I am employed in the office of Keats McFarland & Wilson LLP, by a member of the Bar of this Court, at whose direction the service mentioned herein below was made.

On September 30, 2010, pursuant to the Court's Order Authorizing Plaintiff to Serve Defendants with Process by Electronic Mail (Doc. 33) filed March 4, 2010, I served the document(s) listed below entitled:

1) **RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS; AND MEMORANDUM OF POINTS AND AUTHORITIES**

2) **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

3) **DECLARATION OF CHRISTOPHER VARAS IN SUPPORT OF ZYNGA'S RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS**

4) **BILL OF COSTS**

upon defendants Nadir Erkan and Yusuf Dincer at the following e-mail addresses:

'softoem@gmail.com'; 'aysesonmez18@gmail.com'; 'yusuf.dincer@gmail.com'; 'info@buyfacebookchips.net'; 'pokerchips@realchips.net'; 'info@chipsover.com'; 'info@realchips.net'; 'msn@chipsover.com'; 'info@ebookparts.com'; 'msn@realchips.net'; 'bilgi@yazaformdagir.com'; 'nadirerkan@gmail.com'; 'biwolski@gmail.com'; 'prof43_18@hotmail.com'; 'brett-1979@live.com'; 'cafu_loh@hotmail.com'; 'oteller1@gmail.com'; 'opklba@gmail.com'; 'zerocool900@hotmail.com'; 'erdaltop1@gmail.com'; 'nadirerkan@hotmail.com'; 'chipseller.support@gmail.com'; 'msn@chipsbox.com'; 'chipsbox@gmail.com'; 'info@chipsbox.com'; 'chipsover@gmail.com'; 'realchips.net@gmail.com'

BY PDF ELECTRONIC MAIL: On September 30, 2010, from my computer I simultaneously transmitted to the named defendants in this case via electronic mail sent to the electronic addresses above a copy (in pdf form) of each of the foregoing document(s).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 30, 2010, at Beverly Hills, California.

s/Darrell V. Orme Mann
Darrell V. Orme Mann